JOHNSON, Justice,
concurs in part and dissents in part.
hi concur with the majority’s finding that the failure to appeal an unfavorable judgment is not an absolute impediment to bringing a legal malpractice action. I agree there is no per se rule requiring an appeal in all cases before a legal malpractice action may be pursued. Such a requirement would prove futile in many cases, and would simply serve to require the filing of frivolous lawsuits. I also agree with the majority’s holding that a party does not waive its right to file a legal malpractice suit by not filing an appeal of an underlying judgment unless it is determined a reasonably prudent party would have filed an appeal.
However, I respectfully disagree with the majority’s finding that summary judgment is proper in this case. The majority generally holds that a party alleging legal malpractice must introduce expert testimony to establish the standard of care except in those rare cases involving malpractice so egregious that a lay jury could infer the defendant’s actions fell below any reasonable standard of care. The majority equated this principle to the one applied in medical malpractice cases. I find such application and comparison to be inappropriate. La. R.S. 9:2794 sets forth statutory 12requirements in medical malpractice cases addressing the standard of care and burden of proof. However, no such statutory requirements exist in legal malpractice cases. As the majority points out, our jurisprudence has provided that to establish a claim for legal malpractice, a plaintiff must prove: 1) the existence of an attorney-client relationship; 2) negligent representation by the attorney; and 3) loss caused by that negligence. Teague v. St. Paul Fire & Marine Ins. Co., 07-1384 (La.2/1/08), 974 So.2d 1266, 1272 (citing Costello v. Hardy, 03-1146, p. 10 *1188 (La.1/21/04), 864 So.2d 129, 138). Unlike medical malpractice cases, there is no requirement that a plaintiff prove the standard of care in legal malpractice cases, and there is no corresponding requirement of expert testimony to prove standard of care.
In my view, it is error to enter summary judgment in this case based on the Plaintiffs failure to submit expert testimony to prove the standard of care. Therefore, I would affirm the court of appeal’s decision.